IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
99 MAY -5 PM 3:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

BILLY WAYNE MARKS,           )
                             )
        Plaintiff,           )
                             )
vs.                          )   Case No. CV 98-TMP-0114-J
                             )
ARLON GARDNER TRUCKING,      )
et al.,                      )
                             )
        Defendants.          )

ENTERED
MAY 5 1999

## MEMORANDUM OPINION

This action is before the court on defendants Arlon Gardner Trucking's ("Gardner") and Perry L. Poole's ("Poole") motion for partial summary judgment, filed November 2, 1998. Plaintiff Billy Wayne Marks responded to the motion and filed evidence in opposition to the motion on November 23, 1998. Defendants replied on November 30, 1998. All parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). The motions have been briefed and both parties have submitted deposition testimony and other evidence in support of or in opposition to the dispositive motion.

### I.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to

34

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there

is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, she may not merely rest on her pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every

inference but only of every reasonable inference. <u>Brown v. City of Clewiston</u>, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II.  Undisputed Facts

The essential facts relevant to this motion are undisputed. The plaintiff is a resident of Double Springs, Alabama, who suffered personal injuries in a trucking accident in Virginia on January 17, 1997. At the time of the accident, Marks was employed by M.H. Transport as a truck driver. Defendant Arlon Gardner Trucking is a sole proprietorship in the trucking business in Mississippi. Defendant Poole is a resident of Mississippi and was employed by Gardner as a truck driver at the time of the accident.

On January 17, 1997, Poole was driving one of Gardner's refrigerated tractor-trailer rigs, with two axles on the trailer and four wheels on each axle. Poole was traveling northbound on U.S. Interstate 81 in Virginia. Marks was traveling southbound on Interstate 81, driving one of his employer's trucks used to transport mobile homes. At the place where the accident occurred, Interstate 81 is a four-lane highway divided by a median.

While Poole was driving in the northbound lanes, two of the left rear wheels of his trailer became dismounted from the trailer. One of the wheels crossed the median and struck Marks' truck on the

left front fender. The impact caused Marks to lose control of his vehicle and drive into the median, where the truck turned onto its side.

What caused the tires to come lose from the axle is not revealed by the record. On December 7, 1996, slightly more than a month before the accident, the trailer underwent an annual inspection by Arlon Gardner himself. The "wheels and rims," "fasteners," and "welds" were all noted to be "OK." On January 11, 1997, only six days before the accident, the left rear inside wheel was dismounted and remounted to the axle. There is nothing in the log sheet dealing with this event indicating any difficulty with the process, nor does it reflect who performed it.

Marks filed this action claiming that he suffered injuries to his back, head, and ankle and permanent disability. Marks alleges that both defendants acted negligently and wantonly and seeks compensatory and punitive damages.

### III.  Defendants' Motion for Partial Summary Judgment

Defendants' motion for partial summary judgment only seeks dismissal of: (1) plaintiff's claims based on wanton conduct, and (2) plaintiff's prayer for punitive damages. Plaintiff's remaining claims for negligence, negligent entrustment, and negligent

supervision are not challenged. Defendants assert that under Virginia law,[1] the conduct complained of does not constitute wantonness and cannot sustain a claim for punitive damages.

A. Wanton Conduct

Under Virginia law, wanton conduct is considered one of three types of negligence. The Supreme Court of Virginia has recognized causes of action for ordinary negligence, gross negligence and willful or wanton negligence. See Harris v. Harman, 486 S.E. 2d (Va. 1997); Infant C. v. Boy Scouts of Amer., Inc., 391 S.E. 2d 322, 327 (Va. 1990). Simple negligence is the failure to use ordinary care to avoid injury to another. Harris, 486 S.E. 2d at 101. Gross negligence shows indifference to others, and may "shock fairminded people, but is less than willful recklessness." Id. Wantonness, the most flagrant form of negligence, requires that the defendant act with conscious disregard of another's rights, or with reckless indifference to consequences that the defendant is aware,

---

[1] This court must apply the conflict of laws principles of Alabama, which mandate that the substantive rights of an injured party in a tort action be determined by the law of the state in which the accident occurred. O'Neal v. Kennamer, 958 F.2d 1044, 1046 (11th Cir. 1992) citing Fitts V. Minnesota Mining & Mfg. Co., 581 So. 2d 819, 820 (Ala. 1991). The accident made the basis of this diversity action occurred in the Commonwealth of Virginia, therefore, the law of Virginia governs this matter.

from his knowledge of existing circumstances and conditions, would probably cause injury to another. <u>Harris</u>, 486 S.E. 2d at 102. Wantonness usually involves egregious conduct, which has been defined as "conduct going <u>beyond</u> that which shocks fair-minded people." <u>Id.</u>, (emphasis added). Ordinary negligence is generally characterized by inattention or inadvertence, but wantonness is "positive in nature" and requires an intent to commit or omit the act in issue. <u>Boward Truck Line v. Leftwich</u>, 89 S.E. 2d 32 (Va. 1955).

In the context of traffic accidents, the court has held that even intentional defiance of traffic safety laws does not necessarily rise to the level of egregiousness necessary to support a claim for wantonness. For example, a drunk driver who was speeding, took no evasive action to avoid a rear-end collision, and then fled the scene of the accident was not deemed to be willfully or wantonly negligent. <u>Puent v. Dickens</u>, 427 S.E. 2d 340, 341-42 (Va. 1993). Similarly, a driver who was tailgating and speeding, eventually forcing the car in front of him off the road and injuring the driver, was not found to be wanton. <u>Harris</u>, 486 S.E. 2d at 102. The <u>Harris</u> court affirmed the trial court's refusal to instruct the jury on wantonness, even though the evidence showed that the driver intended to tailgate the plaintiff, had prior

-8-

knowledge of the road and the dangerous curve, and knew that his speed was in excess of the speed required to safely negotiate the curve. Id. at 101. Moreover, Virginia courts have repeatedly held that intoxication of the driver, alone, is merely a factor and not sufficient to create a jury question on the issue of negligence. See Huffman v. Love, 427 S.E. 2d 357 (Va. 1993) and cases cited therein.

By contrast, the Virginia Supreme Court has allowed a finding of wantonness in a traffic collision where the driver of an automobile intentionally chased a child on a bicycle because the child owed him money. The driver deliberately struck the bike, ran over the child's legs, and shouted at him to pay the money. Friedman v. Jordan, 184 S.E. 186 (Va. 1936). More recently, the Virginia Supreme Court held that a jury question on the issue of wantonness was presented where an intoxicated driver caused one collision, left the scene, then proceeded to cause the accident made the basis of the lawsuit by speeding and crossing into the oncoming lane of traffic. Huffman v. Love, 427 S.E. 2d 357, 359 (Va. 1993). The defendant in Huffman also fled the scene of the second accident and when apprehended could not talk, walk, or stand without assistance. His blood alcohol level registered more than three times the legal limit. Id. In holding that a jury question

on wantonness was present, the court relied on the fact that the driver knew his driving ability was impaired because he had already collided with another vehicle. Id. at 360.[2] The cases examining wantonness compel the conclusion that, to support a claim for wantonness under Virginia law, a driver must have engaged in conduct far beyond inadvertence or carelessness. Instead, the law requires that a claim for wantonness be based on conduct that involves some element of malice, deliberation or blatant recklessness.

In this case, there is no evidence that either Poole or Gardner had any knowledge or consciousness that the wheels on the trailer were loose or a risk of coming off. There is not any allegation that the defendants acted in violation of any traffic laws or regulations relating to inspection and maintenance of trucking equipment. Certainly, there is no evidence that might suggest that either defendant had any malicious intent or that they intended to have the wheels come loose. Such a conclusion defies logic, because the disrepair also put Poole in danger.

---

[2] The facts of Huffman are decidedly more egregious than the facts at bar; even so, three justices dissented from the opinion, holding that the conduct did not rise to the level of egregiousness necessary to support a claim of wanton negligence. Huffman, 427 S.E. 2d at 361-63.

The evidence, viewed in the light most favorable to the plaintiff, shows that the left rear inside wheel was dismounted and mounted on the trailer six days before the accident. There is no evidence that the wheels were checked after that date. Further, while records indicated that the wheels were checked during an inspection only a month before the accident, the records do not suggest that the left wheels were not checked at that time. Indeed, the inspection record affirmatively states that the "wheels and rims" were OK. In the absence of evidence to the contrary, one must conclude that the inspection included the wheels that later detached.

While Gardner admits that it is responsible for proper maintenance of its trucks, there is no evidence that Gardner deliberately disregarded a dangerous condition in the left rear wheels. To be guilty of wantonness, defendants must have had knowledge of some fact indicating that the wheels were hazardous and then deliberately disregarded that information. No such evidence has been presented here. Assuming that the wheels that caused the accident were the left wheels of Poole's trailer, plaintiff has offered no evidence that the failure to properly maintain the left wheels was anything more than inadvertence, inattention, neglect, or sloppiness. These facts may support a

simple negligence claim under Virginia law, but they fall far short of meeting the heightened requirement of intent or recklessness required for a wantonness claim. As result, plaintiff's claims against both defendants based on wantonness are due to be dismissed.

B. Punitive Damages

Plaintiff seeks to state a claim for punitive damages available under Virginia's common law, which allows recovery of damages "imposed as punishment upon a wrongdoer who has acted wantonly, oppressively, or recklessly, or with such negligence as evinces a disregard of the rights of others, or criminal indifference to civil obligations." Baker v. Marcus, 114 S.E. 2d 617, 620 (Va. 1960). Punitive damages are allowable where there is malice or misconduct, but not where the "act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation." Id., quoting Friedman v. Jordan, 184 S.E. 186 (Va. 1936).

A claim for punitive damages can be sustained under Virginia law where there exist certain aggravating circumstances. For example, punitive damages were appropriate where a drunk driver, who later was tested and showed a blood alcohol level of .21%,

traveled 90 m.p.h. through a residential neighborhood with a 25 m.p.h. speed limit, ran a red light, and crashed into another vehicle, injuring a child and her parents. Webb v. Rivers, 507 S.E. 2d 360 (Va. 1998). However, where the facts show a more typical "lack of the use of ordinary care and caution," and where the defendant did not deliberately cause the injury or desire to cause any harm, the conduct does not justify an award of punitive damages. Baker, 114 S.E. 2d at 621.

In this case, plaintiff may be able to show that the defendants failed to maintain the truck and were inattentive to the loose wheels. However, there is no evidence to support any form of deliberation or malice, nor is failure to maintain the truck an aggravating circumstance sufficient to trigger the applicability of punitive damages. For these reasons, and for the same reasons set forth in Section III A, *supra*, plaintiff's prayer for punitive damages against both defendants is due to be denied.

### IV. Conclusion

Accordingly, consistent with the foregoing discussion of the evidence presented by both parties in support of and in opposition to the motion for partial summary judgment, this court determines that defendants' motion for partial summary judgment against

plaintiff is due to be GRANTED and plaintiff's claims based on wanton conduct and seeking punitive damages are DISMISSED WITH PREJUDICE.

A separate order will be entered in accordance with the findings set forth herein.

Dated the 5th day of May, 1999.

_____
T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE